IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
**JESUS RAMOS,**                        :   CIVIL ACTION
                    Petitioner,         :
        v.                              :   NO. 18-4920
                                        :
**MELISSA HAINSWORTH, et al.,**         :
                    Respondents.        :
_____:

## ORDER

**AND NOW**, this   30th  day of October, 2019, upon consideration of the Petitioner's Unopposed Motion For a Sixty (60) Day Extension of Time to file a Motion for Leave to File an Amended Petition (ECF No. 20),[1]

**IT IS ORDERED** that the Motion is **GRANTED**, and Petitioner's Motion for Leave to File an Amended Petition (attaching any proposed Amended Petition as an exhibit to the Motion) shall be filed on or before December 30, 2019.[2]

---

[1]   Petitioner's counsel was recently retained and seeks an extension of sixty (60) days to file a motion for leave to file an amended petition following his review of the case.

[2]   Pursuant to Habeas Corpus Rule 11, the Federal Rules of Civil Procedure may be applied in habeas cases to the extent that the civil rules are not inconsistent with any statutory provisions or the habeas rules. Habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." See 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a). Amendments made after the statute of limitations has run will relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).

Applying the civil concept of leave to amend to the context of habeas corpus actions, we are bound by the United States Supreme Court in Mayle v. Felix, 545 U.S. 644 (2005). As noted by Supreme Court, Congress enacted AEDPA to advance the finality of criminal convictions by adopting a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Mayle, 545 U.S. 644, 662–663 (2005) (citing Rhines v. Weber, 544 U.S. 269, 276 (2005); 28 U.S.C. § 2244(d)(1)(A)). The Supreme Court noted further that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." Id. (citations omitted). Accordingly, the Supreme Court determined that relation back in a habeas setting depends on the existence of a common "core of operative facts" uniting the original and newly asserted claims. Mayle, 545 U.S. at 659. In other words, so long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back to the original habeas petition will be in order. Id. at 664.

**IT IS FURTHER ORDERED** that the current deadline for filing the Response to the Petition for Writ of Habeas Corpus is **VACATED**.

**IT IS FINALLY ORDERED** that the Respondents' Response to Petitioner's anticipated Motion for Leave to File an Amended Petition shall be filed within fourteen (14) days after the Motion is filed.

BY THE COURT:

_/s/ Henry S. Perkin_____
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE